JACOB MERRITT AND BENJAMIN R. LAMB v. WILLIAM HARPER, Jr., AND CALEB L. ADAMS ET AL.

In an action for trespass to lands, where the damages found are alleged to be excessive, the verdict will not be set aside on a mere preponder-ance of proof, nor unless it is so evident that the jury have erred as to convince of mistake, prejudice or partiality.

In trespass. On rule to show cause.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and MAGIE.

For the plaintiffs, F. Voorhees.

For the defendants, J. H. Gaskill.

The opinion of the court was delivered by

SCUDDER, J. This is an action of trespass for cutting and taking away cedar trees on lands of the plaintiffs. The jury

having found a verdict for the plaintiffs for $1391, a rule to show cause why a new trial should not be granted was allowed. The damages are alleged to be excessive. The cutting extended over a tract of about twenty-two acres, and by the estimate of plaintiffs' witnesses eleven or twelve acres of cedar swamp were cut down, causing a loss and damage of from $1200 to $1500. The defendants' witnesses say that there were cuttings on eight and twenty-six hundredths acres, and the value of the cedar cut was from $203 to $258. The difference between the witnesses is considerable, but it was the province of the jury to say to which of them the greater credit should be given. It is not enough that the court, with the maps and printed testimony before them, might arrive at a different conclusion, and feel inclined to reduce the amount of damages, nor is it sufficient that there appears to be a preponderance of proof in favor of such reduction. The verdicts of juries do not stand on such uncertain foundations. It is only where it is so evident that the jury have erred as to convince us that there has been a mistake, and that the verdict is the result of misapprehension, prejudice or partiality, that this court will interfere. We find no such cause for disturbing this verdict, and the rule to show cause will be discharged, with costs.